**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUZETTE BENOIT, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 22-cv-_____ |
| v. | Judge _____ |
| CENTRAL NURSING HOME, LLC, | Magistrate _____ |
| Defendant. | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Central Nursing Home, LLC ("Defendant"), by and through its attorneys, Jamie L. Filipovic and Matthew E. Szwajkowski of O'Hagan Meyer LLC, gives notice of the removal of this civil action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This is a civil action over which this Court has original jurisdiction. In support of this Notice of Removal, Defendant states as follows:

**JURISDICTIONAL STATEMENT AND FACTUAL BACKGROUND**

1. On January 20, 2022, Plaintiff Luzette Benoit ("Plaintiff") commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois (the "Complaint") styled *Luzette Benoit v. Central Nursing Home, LLC*, No. 2022-CH-00466 (hereinafter, the "State Action").

2. Defendant was served with a copy of the summons and Complaint in the State Action on February 3, 2022.

3. This Notice of Removal dated Monday, March 7, 2021 is timely because it is filed within thirty (30) days from the date that Defendant was served with the summons and Complaint. *See* 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the time for filing a notice of removal does not begin to run until a party has been formally served with the summons and complaint under applicable state law).

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as Exhibit 1.

5. Plaintiff alleges that she was employed by Defendant Central Nursing Home, LLC. (Ex. 1, Compl. at ¶ 1). The Complaint contends that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through Defendant's alleged "unlawful collection, use, storage and disclosure of Plaintiff's and the proposed Class's sensitive biometric identifiers and biometric information." (Ex. 1, Compl. at 1). Plaintiff alleges that "Defendant, upon information and belief, mandated and required that employees have (s) [sic] scanned by a biometric timekeeping device." (Ex. 1, Compl. at ¶ 6). The Complaint alleges that Defendant "violated and continues to violate BIPA because it did not and continues not to: (a) properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their hand geometry was being collected, stored, disseminated and used, as required by BIPA; (b) provide a publicly-available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated employees' (s) [sic], as required by BIPA; (c) obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their (s) [sic], as required by BIPA; and (d) obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their biometric identifiers and/or biometric information to a

2

third party, as required by BIPA." (Ex. 1, Compl. at ¶ 15). The Complaint contains three causes of action, for alleged violations of 740 ILCS 14/15(a), (b) and (d). (Ex. 1, Compl.)

## GROUNDS FOR REMOVAL

6. This Notice of Removal is brought pursuant to 28 U.S.C. § 1441(a), which provides, in relevant part, that "…[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. The State Action is removable under 28 U.S.C § 1441(a) because it involves a claim arising under the laws of the United States over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Specifically, this Court has original federal question jurisdiction over Plaintiff's claims, which arise under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*

8. The BIPA claims of Plaintiff and of most of the putative class members in this matter are preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141, *et seq*. Section 301 of the LMRA grants exclusive jurisdiction to federal district courts over suits for violations of contracts between employers and labor organizations representing their employees. 29 U.S.C. § 185(a). This includes suits that pertain to alleged violations of the terms or conditions of a collective bargaining agreement between an employer and a labor union.

9. Defendant employed Plaintiff Benoit and all other employees of the subject nursing home. (Ex. 2, Mermelstein Declaration).

10. During her employment with Defendant, Plaintiff Benoit and others in the putative class were represented for purposes of collective bargaining by the SEIU Healthcare Illinois and

Indiana ("the Healthcare Union"). The Healthcare Union is the sole and exclusive bargaining representative for these individuals. (Ex. 2, Mermelstein Decl., *see also* Ex. A thereto, at Art. 2).

11. Defendant and the Healthcare Union are parties to a collective bargaining agreement (the "Healthcare Union CBA") that was negotiated by the parties and governs the terms and conditions of employment for all of Defendant's employees that belong to the Healthcare Union, including Plaintiff Benoit. (Ex. 2, Mermelstein Decl., *see also* Ex. A thereto). A true and correct copy of excerpts of the relevant Healthcare Union CBA for the time period of May 1, 2020-through April 30, 2022 is attached to the Mermelstein Decl. as Exhibit A.

8. The Healthcare Union CBA applies to all employees employed by the Nursing Center, with limited exceptions. (Ex. 2-A, Art. 2). Therefore, the Healthcare Union CBA applies to Plaintiff Benoit and members of the putative class who are or were employed by Defendant and covered under the terms and conditions of the Healthcare Union CBA. *Id.*

9. The parties to the Healthcare Union CBA, including Plaintiff Benoit, the putative class, and Defendant Central Nursing Home, LLC, agreed on a Management Rights provision which states:

> Management of the Home, the control of the premises and the direction of the working force are vested exclusively in the Employer subject to the provisions of this Agreement. The right to manage includes, but is not limited to, the following: The right … to determine and change starting times, quitting times, and shifts, and the number of hours to be worked; to determine staffing patterns; to determine policies and procedures with respect to patient care; [and] to determine or change the methods and means by which its operations ought to be carried on.

(Ex. 2-A, Art. 5).

10. The Healthcare Union CBA contains a multi-step grievance and arbitration procedure for the resolution of disputes arising under the Healthcare Union CBA. The final resolution step in the procedure involves final and binding arbitration. (Ex. 2-A, Art. 16).

4

11. The parties to the Healthcare Union CBA are required to follow Article 16 of the Healthcare Union CBA to resolve any disputes "with respect to the interpretation or application of the provisions of this Agreement [the Healthcare Union CBA]", including its Management Rights clause. (Ex. 2-A, Art. 16).

12. Where, as here, a collective bargaining agreement exists between employers and employees who are parties to litigation, their disputes fall within the exclusive purview of federal labor laws, specifically Section 301 of the LMRA, not state law, in order to ensure uniform interpretation of CBAs. See *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988); *Miller v. Southwest Airlines Co.*, 2019 WL 2462664, at *1 (7th Cir. June 13, 2019); *Gelb v. Air Con Refrigeration & Heating, Inc.*, 356 Ill. App. 3d 686, 692 (1st Dist. 2005). When a claim is predicated on rights addressed by the CBA, and requires the interpretation of its terms, an action brought pursuant to state law is preempted by federal labor laws. *Id.* at 693. Significantly, where a CBA contemplates an aspect of employee compensation or working conditions (such as timekeeping), the CBA's grievance and arbitration mechanisms preempt state law. *Gelb*, 356 Ill. App. 3d at 695. Accordingly, where a collective bargaining agreement exists covering employees who are parties or putative class members in an action brought under BIPA, the BIPA claim is wholly preempted by Section 301 of the LMRA. *Peatry et al. v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202 (N.D. Ill. Feb. 26, 2020).

12. Plaintiff alleges that Defendant did not satisfy BIPA's notice requirements specified in 740 ILCS 14/15(b)(1) and (2) or obtain the written release required by 740 ILCS 14/15(b)(3). The requirements of 740 ILCS 14/15(b) are satisfied if notice is provided to and a written release is obtained from "the subject's legally authorized representative." *See* 740 ILCS 14/15(b).

13. Plaintiff similarly alleges that Defendant violated the requirements of 740 ILCS 14/15(d), which are satisfied if "the subject's legally authorized representative" consents to a disclosure or redisclosure of biometric information. 740 ILCS 14/15(d).

14. Here, again, Article 5 of the Healthcare Union CBA sets forth a "Management Rights" clause which provides that the Employer (the Defendant) retains the authority to manage their businesses, control their premises, and direct their working forces, subject to the provisions of the Healthcare Union CBA. With respect to Defendant, the right to manage includes, but is not limited to, "The right … to determine and change starting times, quitting times, and shifts, and the number of hours to be worked; to determine staffing patterns; to determine policies and procedures with respect to patient care; [and] to determine or change the methods and means by which its operations ought to be carried on." (Ex. 2-A). The Healthcare Union is the sole and exclusive bargaining agent for its respective members, including members of the putative class in this litigation. (Ex. 2-A). Therefore, any dispute involving putative class members and regarding whether matters pertaining to BIPA were bargained for, or are subject to the Healthcare Union CBA, cannot be resolved without interpreting the terms and conditions of the Healthcare Union CBA.

15. Article 16 of the Healthcare Union CBA contains multi-step grievance and arbitration procedures for the resolution of employee disputes. The Healthcare Union CBA requires that any issues or disputes involving employers such as Defendant Central Nursing Home, LLC and Healthcare Union members, related to matters arising under the provisions of the CBA, shall be resolved solely by using the grievance procedures provided in the CBA. (Ex. 2-A). The last step in the grievance procedure process involves final and binding arbitration between or amongst the parties involved. *Id.*

16. The BIPA claims here directly concern the terms and conditions of the putative class members' employment (i.e. how employee working hours are tracked) that are defined under the Healthcare Union CBA. These BIPA claims brought by the putative class/employees/Healthcare Union members also trigger the grievance and arbitration procedures of the Healthcare Union CBA, and cannot be resolved without interpreting the Healthcare Union CBA between the Defendant, Plaintiff Benoit, and these putative class members/employees/Healthcare Union members. Accordingly, the instant BIPA claims of Plaintiff Benoit and the putative class are wholly preempted by Section 301 of the LMRA and are removable to federal court. *Peatry*, 19 C 2942, 2020 WL 919202; *Miller*, 2019 WL 2462664, at *1 (on the issue of whether Union member airline employees of Southwest Airlines and United Airlines must present their BIPA claims to an adjustment board, not a court, pursuant to the Railway Labor Act, 45 U.S.C. §§ 151-188, the Seventh Circuit held that the airline employees' BIPA claims were questions for an adjustment board under the RLA and the parties' CBAs, and that the airline employees' state law BIPA claims were preempted by the federal Railway Labor Act).

**VENUE AND NOTICE**

17. Venue properly lies with this Court pursuant to 28 U.S.C §§ 1441(a) and 1446(a), as this action is presently pending in the Circuit Court of Cook County, Illinois, which lies within the Northern District of Illinois' Eastern Division.

18. A copy of this Notice of Removal will be filed with the Clerk for the Circuit Court of Cook County, Illinois and served upon counsel for Plaintiff, as required by 28 U.S.C § 1446(d).

19. Defendant files this Notice of Removal solely for the purpose of removing the instant State Action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant Central Nursing Home, LLC hereby removes this civil action to this Court on the basis of the Court's original federal question jurisdiction under 28 U.S.C § 1331, which is properly invoked over Plaintiff's claims that arise under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*

Dated: March 7, 2022

                                        Respectfully submitted,

                                    By: /s/ Matthew E. Szwajkowski
                                            One of the Attorneys for Defendant

Jamie L. Filipovic (ARDC: 6278943)
Matthew E. Szwajkowski (ARDC: 6293917)
O'Hagan Meyer LLC
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 422-6100
Facsimile: (312) 422-6110
jfilipovic@ohaganmeyer.com
mszwajkowski@ohaganmeyer.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that the foregoing **Notice of Removal** was served upon counsel for the parties to this action via first-class United States mail, postage prepaid, and via e-mail this 7th day of March 2022 as follows:

Brandon Wise
Paul Lesko
Adam Florek
Peiffer Wolf Carr Kane Conway & Wise, LLP
818 Lafayette Ave, Floor 2
St. Louis, Mo 63104
bwise@peifferwolf.com
plesko@peifferwolf.com
aflorek@peifferwolf.com
*Counsel for Plaintiff*

/s/ _Matthew E. Szwajkowski_